**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION,

_____

JASON HILL et al.,

          Plaintiffs-Appellees,

 v.

VOLKSWAGEN, AG; VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI, AG; AUDI OF AMERICA, LLC; PORSCHE CARS NORTH AMERICA, INC.; ROBERT BOSCH GMBH; ROBERT BOSCH, LLC,

          Defendants-Appellees,

 v.

JOLIAN KANGAS, Proposed Intervenor,

          Movant-Appellant.

No. 16-17035

D.C. No. 3:15-md-02672-CRB

MEMORANDUM[*]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 7, 2017[**]
Pasadena, California

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

Jolian Kangas objected to a proposed class action settlement arising out of Volkswagen's installation of "defeat devices" in its 2.0-liter diesel cars and moved to intervene in the case to conduct discovery regarding the settlement negotiations. He appeals the district court's final order approving the settlement and order denying him leave to intervene. We review the district court's approval of the settlement for abuse of discretion, *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003), and its denial of the motion to intervene as of right de novo, *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). We affirm both orders.

**1.** As we explain in a separate opinion for related appeals challenging the settlement, *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation* (Nos. 16-17157, 16-17158, 16-17166, 16-17168, 16-17183, 16-17185), the district court did not err when it approved the settlement with a reversion clause. Op. at 24–27.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

**2.** Kangas argues that the settlement is unfair because it does not indemnify class members for liability to third parties for personal injuries caused by their vehicles' excess emissions. He offers no evidence, however, that class members will in fact face this hypothetical liability. The district court did not abuse its discretion when it approved the settlement despite its lack of indemnification against wholly speculative claims. Op. at 36.

**3.** The district court did not err by approving the settlement because it released Volkswagen from "any and all claims, . . . whether or not *concealed or hidden*," by class members arising from its installation of the defeat devices at issue. The "concealed or hidden" phrase that Kangas complains of is boilerplate that appears in many class settlement releases. *See, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1010 (9th Cir. 2012); *Torchia v. W.W. Grainger, Inc.*, 304 F.R.D. 256, 264 (E.D. Cal. 2014). Read in context, the phrase—listed next to modifiers such as "foreseen or unforeseen," and "suspected or unsuspected"—appears to cover only claims of which class members are not yet aware, not claims that Volkswagen has actively or fraudulently concealed. Moreover, the release is limited in scope: it includes only claims related to the use of the defeat devices at issue and expressly does not release personal injury or wrongful death claims. Approving the settlement with this release was not an abuse

3

of discretion. *See Staton*, 327 F.3d at 962 ("[W]e would not overturn the district court's determination to approve the settlement as fair were the release . . . provisions the only aspects of the decree that are troublesome.").[1]

4.      Kangas also argues that because Volkswagen's California fines will be lower than their corresponding payout to class members, the settlement creates an incentive for Volkswagen not to process California class members' claims. But, as explained in *In re Volkswagen*, Volkswagen faces strong incentives to process class members' claims. Op. at 26. Kangas's argument is also belied by experience: Volkswagen has passed the national 85% threshold and is 1.5% away from meeting the California threshold.

5.      The district court's approval of the class notice was not in error. Kangas argues that the long-form notice was misleading. The contention is that the long-form notice contradicted the DOJ consent decree by informing recipients that those who "opt out will not be eligible to receive the cash payments provided by the [settlement] or to participate in the buyback program." Kangas argues that, because the consent decree requires Volkswagen to buy back affected vehicles either at retail value or according to the terms of the settlement, the notice misleads

---

[1] In the same vein, Kangas argues that the settlement is an illegal contract because of the release. For the reasons just described, this argument also fails.

class members into believing Volkswagen will not buy back their vehicles at all if they opt out. But the most reasonable interpretation is that the notice refers solely to the buyback program under the settlement. The section to which Kangas objects falls at the end of the notice's description of the settlement's buyback option.

6. Kangas's argument that the class was "prejudiced . . . at the bargaining table" because of the segregated fee structure is meritless. He contends that, because Volkswagen did not know the ultimate amount of class counsel's fees, it would "hold back . . . billions of dollars" in negotiations. Kangas has produced no evidence that Volkswagen would have paid more to the class absent the segregated fee structure. Indeed, the funding pool ultimately created by the settlement was calculated to provide the *most expensive* possible remedy to *every* class member. Op. at 25 n.20.

7. Kangas argues that class members were also misled by the notice provision that "[a]ny attorneys' fees and costs awarded by the Court will be paid separately by Volkswagen and will not reduce benefits to class members." He claims this implies that fees have no impact on the actual settlement size. We disagree. Here too, the most reasonable interpretation is the one that accords with an accurate description of the settlement: The funding pool available to class members (which, as noted, contains enough money for each class member to take

5

advantage of the most expensive option) would not be used to pay attorneys' fees. Op. at 25 n.20.

**8.** As we explain in *In re Volkswagen*, the district court did not err in its timing of the motion for fees relative to settlement approval. Op. at 30–34. For the reasons discussed there, Kangas's argument that it was improper to approve the settlement prior to the fee award is not compelling.

**9.** The district court denied Kangas's motion to intervene as of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). He challenges only the district court's analysis of the former; the latter is therefore waived, *see Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1100 (9th Cir. 1998). The district court held that Kangas did not demonstrate, as he must, that "disposing of the action may . . . impair or impede [his] ability to protect [his] interest[.]" Fed. R. Civ. P. 24(a)(2); Kangas argued that his interests would be impaired because of collusion between class counsel and Volkswagen. He has not, however, produced any persuasive evidence of collusion.

In the district court, Kangas's sole argument for the existence of collusion was that Volkswagen submitted some discovery documents in German. He appears to have backed away from this argument on appeal. In any case, German companies' submission of German documents for a lawsuit involving actions in

6

Germany does not even hint at collusion. Additionally, the district court's thorough examination of the possibility of collusion—which we review and uphold in *In re Volkswagen*—undercuts Kangas's interest-impairment argument. Op. at 24–27.

**AFFIRMED.**